**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DOMINICK POLIZZI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE CARLE FOUNDATION dba CARLE HEALTH, an Illinois Corporation<br><br>Defendant. | **Case No. 24-cv-12230**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |

Plaintiff DOMINICK POLIZZI ("Plaintiff"), on behalf of himself and all other similarly situated individuals, by and through his attorneys, alleges as follows:

**INTRODUCTION**

1. This is a class action under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, on behalf of all current and former full-time employees of Defendant THE CARLE FOUNDATION dba CARLE HEALTH (referred to as "CARLE" or "Defendant") who took short-term military leave from CARLE since 2004 and did not receive compensation and/or paid leave from CARLE during such short-term military leave.

2. 38 U.S.C. § 4316(b) requires that military servicemembers who take leaves of absence from their civilian employers to perform qualified military service be treated no less favorably than employees who take other comparable forms of leave that an employer provides. Accordingly, servicemember employees who take military leave must receive the same "rights and benefits" during such military leave as employees who take comparable leaves, such as for jury

1

duty, illness, or the death of a family member. 38 U.S.C. § 4316(b); 20 C.F.R. § 1002.150. Paid leave, pay, and/or wages are among the "rights and benefits" that must be provided equally to employees on military leave and comparable non-military leaves. *See* 38 U.S.C. § 4303(2).

3. CARLE has violated 38 U.S.C. § 4316(b) by paying compensation to CARLE employees who take leave for non-military reasons, such as vacation, sick leave, and casual leave but not providing any compensation to CARLE servicemember employees who take short-term military leave.

4. Due to CARLE's violations, Plaintiff and other servicemembers employed by CARLE have received less compensation than they would have received had CARLE provided them with pay during their short-term military leave on an equal basis as employees who took other comparable forms of non-military leave.

5. This action seeks: (a) a declaration that CARLE violated USERRA by failing to provide Class Members with pay during their short-term military leave despite providing pay for comparable forms of leave; (b) an order requiring CARLE to pay servicemembers on short-term military leave as it does to comparable forms of leave; and (c) an order requiring CARLE to recalculate and pay compensation to Plaintiff and other members of the Class consistent with USERRA.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 38 U.S.C. § 4323(b)(3), which gives the district courts of the United States jurisdiction over a USERRA action brought against a private employer. This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under a federal law.

2

7.     This Court has personal jurisdiction over Defendant. There is personal jurisdiction over Defendant because a substantial portion of the Plaintiff's claims arise out of or relate to the Defendant's contacts with Illinois.

8.     Venue is proper under 38 U.S.C. § 4323(c)(2), because Defendant is a private employer that maintain a places of business within this District. Venue is also proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims in this action occurred in this District.

## PARTIES

9.     Plaintiff Dominick Polizzi was employed as a paramedic for CARLE from approximately January 4, 2021 to August 18, 2022. While working for CARLE, Plaintiff was also in the Illinois Army National Guard, where he presently continues to serve. Throughout the duration of his military service while employed by CARLE, Plaintiff routinely took short periods of leave to perform his obligations with the Illinois Army National Guard. For example, Plaintiff took unpaid time off for 7.75 hours (reported on the April 2, 2021 pay date); 72 hours (reported on the May 28, 2021 pay date); 24 hours (reported on the July 9, 2021); and 47 hours (reported on the August 20, 2021 pay date). Plaintiff's 2021 training schedule for the Illinois Army National Guard included the following dates: January 23-24; March 1-6; May 11-15; June 26-27; August 9-September 5; and September 18-19. Plaintiff resides in Elmhurst, Illinois and worked for CARLE in Illinois.

10.     Defendant CARLE is a healthcare provider founded in Urbana, Illinois, with over 16,800 employees working across Illinois, Indiana, Washington, and North Carolina.[1] CARLE is an employer within the meaning of 38 U.S.C. § 4303(4)(A). At all times during Plaintiff's

---

[1] https://carle.org/about-us/history

3

employment with CARLE, CARLE employed Plaintiff and controlled his work opportunities, including the rights and benefits he received during periods of short-term military leave.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

> All current and former full-time employees of CARLE who took short-term military leave (periods of 14 days or fewer) from their employment with CARLE at any time through the date of judgment in this action.

### Impracticality of Joinder

12.     The members of the Class are so numerous that joinder of all members is impracticable. Defendant CARLE is a large healthcare provider, employing over 16,800 employees working across Illinois, Indiana, Washington, and North Carolina.[2]

### Commonality

13.     The central question in this case that will generate a common answer as to the Class is whether CARLE's policy or practice of failing to pay servicemember employees during periods of short-term military leave violates 38 U.S.C. § 4316(b) because CARLE pays employees who take other forms of comparable leave.

14.     Plaintiff's claim raises subsidiary common questions, including: (a) whether short-term military leave is comparable to other forms of leave for which CARLE fully or partially pays its employees; and (b) whether CARLE's violations of USERRA were willful, such that it should be required to pay liquidated damages to Plaintiff and the Class Members.

---

[2] https://carle.org/about-us/history

4

15.     Because CARLE adopted and applied a policy or practice of not providing pay to its servicemember employees during periods of short-term military leave while paying employees who took other comparable forms of leave, answers to these questions will produce common answers for all members of the Class.

16.     As CARLE acted in a uniform way with respect to the Class, all members of the Class suffered the same type of injury based on a single policy or practice and resolving the claims of the Class will be based on common legal and factual questions.

### Typicality

17.     Plaintiff's claims are typical of the other members of the Class because the claims challenge a policy or practice by which CARLE failed to pay its servicemember employees during periods of short-term military leave while paying employees who took other comparable forms of leave.

18.     CARLE has no unique defenses against the Plaintiff that would interfere with Plaintiff's representation of the Class.

### Adequacy

19.     Plaintiff will fairly and adequately protect the interests of other members of the Class.

20.     Plaintiff does not have any conflict with any other member of the Class.

21.     Plaintiff is represented by counsel with significant experience in prosecuting class action litigation.

### Rule 23(b)(2)

22.     The claims can be certified as a class action under Rule 23(b)(2) under the Federal Rules of Civil Procedure because Defendant has acted and/or failed to act on grounds generally

5

applicable to the Class, making declaratory and injunctive relief appropriate with respect to the Class as a whole.

23. Defendant maintained a uniform policy or practice as to all members of the Class. Defendant is alleged to have violated USERRA by refusing to pay its employees during periods of short-term military leave on an equivalent basis to other comparable forms of leave. As such, Defendant has acted or refused to act on grounds that apply generally to the Class. As a result, final declaratory and injunctive relief is appropriate with respect to the Class as a whole.

24. The relief sought consists of (a) a declaration that Defendant violated USERRA by failing to pay its employees during periods of short-term military leave despite paying employees other forms of non-military leave (b) an order requiring Defendant to recalculate and pay compensation to Class Members consistent with the requirements of USERRA.

**Rule 23(b)(3)**

25. The claims can be certified as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because the questions of law and fact common to the members of the Class predominate over questions affecting only individual members and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

26. The common questions of law and fact concern whether CARLE's policy or practice of failing to pay its servicemember employees during periods of short-term military leave on an equivalent basis to employees who took other comparable forms of leave violated USERRA. As the members of the Class were all employees who took short-term military leave, their right to pay during such short-term military leave was uniformly affected by CARLE's violations, and common questions related to liability will necessarily predominate over any individual questions related to liability.

6

27.     A class action is superior to other available methods for the fair and efficient resolution of this controversy. By bringing these claims together in a single class proceeding, the issues will be efficiently resolved. Without class certification, other litigation may produce inconsistent judgments regarding Defendant's USERRA obligations.

28.     The members of the Class have an interest in a single adjudication of the issues presented in this action. Additionally, many members of the Class are unlikely to have a sufficient amount of individual damages to justify pursuing an individual action in federal court or to obtain counsel to pursue an individual action, but all members of the Class would benefit from a class action that obtains relief for all members of the Class.

29.     This is an appropriate forum for these claims because, among other reasons, jurisdiction and venue are proper.

## FACTUAL ALLEGATIONS

## USERRA Required CARLE to Provide the Same Rights and Benefits to Employees Who Took Short-Term Military Leave as Employees Who Took Comparable Forms of Leave, Including Pay

30.     38 U.S.C. § 4316(b)(1) provides that "a person who is absent from a position of employment by reason of service in the uniformed services shall be"

> (A)     deemed to be on furlough or leave of absence while performing such service; and
>
> (B)     entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

38 U.S.C. § 4316(b)(1).

31.     Accordingly, if an employer provides non-seniority rights and benefits to similarly situated employees who take comparable non-military leave, including pay, 38 U.S.C. § 4316(b)(1)

7

requires the employer to provide those same "rights and benefits" to employees during their periods of military leave. *Id.*; *see also* 38 U.S.C. § 4303(2); 20 C.F.R. § 1002.150(a).

32. As the Department of Labor's implementing regulations state, the "most significant factor to compare" two types of leave to determine whether they are a "comparable form of leave" under USERRA is "the duration of the leave." 20 C.F.R. § 1002.150(b). In addition, "other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered." *Id.*

## CARLE Fails to Pay Servicemember Employees Who Take Short-Term Military Leave But Provides Paid Leave for Other Comparable Leaves

33. CARLE failed to pay Plaintiff and the members of the Class during each period in which they took short-term military leave from 2004 to the present.

34. Throughout the relevant time period, CARLE employees working twenty (20) hours or more per week are provided with paid vacation time. After ninety (90) days of employment, said employees are eligible to use any accrued vacation time.[3]

35. Throughout the relevant time period, full-time CARLE employees that work at least thirty (30) hours per week are eligible to receive eight hours of sick leave. After ninety (90) days of employment, said employees are eligible to use any accrued sick time. *Id.*

36. Throughout the relevant time period, CARLE has provided employees who work thirty-six (36) hours or more per week with one day as a paid personal holiday, which can be used after ninety (90) days of employment. *Id.*

37. Vacation, sick leave, and personal holidays are all comparable to short-term military leave in terms of their duration, purpose, and the ability of the employee to choose when to take the leave.

---

[3] https://careers.carlehealth.org/benefits

8

### The Other Leaves Are Comparable to Short-Term Military Leave in Duration

38.     For employees of CARLE, the duration of vacation, sick leave, and personal holidays are comparable to duration of short-term military leave. These types of leaves last several days.

39.     After ninety (90) days of employment with the company, CARLE employees working over thirty (30) hours are eligible to use accrued sick time.

40.     After ninety (90) days of employment with the company, CARLE employees working over twenty (20) hours or more per week are eligible to use any accrued vacation time.

41.     After ninety (90) days of employment with the company, CARLE employees working over thirty-six (36) hours or more per week are eligible to use one day of leave as a paid personal holiday.

### The Comparable Leaves Are Comparable to Short-Term Military Leave in Purpose

42     Vacation, sick leave, and personal holidays are also comparable to short-term military leave in their purpose. For example, illness, the various and often unexpected circumstances that requires an employee to take a personal holiday, sick leave, or vacation days (a short-term leave of absence from work to do what they want, such as travel or relax), can prevent an employee from performing their job duties similar to military duty.

### The Other Leaves Are Comparable to Short-Term Military Leave in Terms of the Ability of the Employee to Choose When to Take the Leave

43.     Vacation, sick leave, and personal holidays are comparable to short-term military leave, in terms of the ability of the employee to choose when to take the leave. Taking vacation is leave taken from work, often for travel or relaxation. Sick leave is typically taken due to a short-term, involuntary medical condition the prevents an employee from working. A personal holiday

9

is often taken due to expected or unexpected personal reasons or unforeseen circumstances. Similarly, short-term military leave occurs involuntarily, arising due to a servicemember's obligation to perform military service as directed by the military.

### CARLE's Policy Does not Provide Paid Leave for Short-Term Military Leave

44.     CARLE's policy or practice of refusing to pay servicemembers when they take short-term military leave, while continuing to pay employees who take other comparable forms of non-military leave, violates 38 U.S.C. § 4316(b), because Defendant denies servicemembers the same non-seniority "rights and benefits" that it provides to similarly situated employees who are on furlough or leave of absence. 38 U.S.C. § 4316(b); *see also* 38 U.S.C. § 4303(2).

45.     This policy has unlawfully denied CARLE's servicemember employees the pay that they should have received when they engaged in short-term military leave compared to employees who received pay when they take vacation, are engaged in sick leave, taking a personal holiday, or other comparable forms of non-military leave.

### Plaintiff's USERRA-Protected Military Leave

46.     At all times during Plaintiff Dominick Polizzi's employment with CARLE, Plaintiff has been in military service with the Illinois Army National Guard. Since he began working for CARLE in 2021, he has satisfied his military service requirements, engaging in multiple scheduled trainings throughout the year. For several of these trainings, Plaintiff was forced to take unpaid leave from his position at CARLE because CARLE did not provide paid short-term military leave.

### COUNT 1
### VIOLATION OF USERRA, 38 U.S.C. § 4316(b)(1)
### (On Behalf of the Class)

47.     Plaintiff hereby repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

10

48.     USERRA, 38 U.S.C. § 4316(b)(1), provides that "a person who is absent from a

position of employment by reason of service in the uniformed services shall be (a) deemed to be

on furlough or leave of absence while performing such service; and (b) entitled to such other rights

and benefits not determined by seniority as are generally provided by the employer of the person

to employees having similar seniority, status, and pay who are on furlough or leave of absence

under a contract, agreement, policy, practice, or plan in effect at the commencement of such service

or established while such person performs such service."

49.     Paid leave, pay, wages, and/or salary are among the "rights and benefits" defined

in 38 U.S.C. § 4303(2) that must be provided equally to servicemembers who take military leave

and employees who take other comparable forms of non-military leave, pursuant to 38 U.S.C. §

4316(b), 38 U.S.C. § 4316(b).

50.     The Department of Labor's regulation that implements and interprets 38 U.S.C. §

4316(b)(1) provides that "[i]f the non-seniority benefits to which employees on furlough or leave

of absence are entitled vary according to the type of leave, the employee must be given the most

favorable treatment accorded to any comparable form of leave when he or she performs service in

the uniformed services."  20 C.F.R. § 1002.150(b).

51.     The types of leave for which CARLE has provided employees paid leave—

including vacation, sick leave, and personal holidays—are comparable to short-term military leave

in terms of the duration, purpose, and the ability of the employee to determine whether to take the

leave.

52.     By adopting and applying a policy or practice of not paying servicemember

employees who take short-term military leave, CARLE denied Plaintiff and the Class the same

"rights and benefits" that CARLE provided to employees who take other comparable forms of

11

non-military leave. Thus, CARLE failed to provide employees on short-term military leave the most favorable treatment that CARLE afforded employees on other comparable forms of non-military leave. By doing so, CARLE violated 38 U.S.C. § 4316(b)(1).

53.     Due to CARLE's failure to comply with 38 U.S.C. § 4316(b)(1), Plaintiff and other members of the Class have received less compensation than they would have received had Defendant complied with USERRA and the Department of Labor's regulations.

54.     Upon information and belief, Defendant's violations of 38 U.S.C. § 4316(b)(1) were willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant CARLE on all claims and respectfully requests that this Court award the following relief:

A.     Declare that Defendant's policy or practice by which it failed to pay servicemember employees when they took short-term military leave, while providing pay to employees who took other, comparable forms of non-military leave, violated the rights of Plaintiff and the Class under 38 U.S.C. § 4316(b);

B.     Declare that Defendant's violations of USERRA were willful under 38 U.S.C. § 4323(d)(1)(C);

C.     Declare that Defendant must pay servicemember employees who take short-term military leave on the same basis as employees who take leave for sick leave, or other comparable forms of short-term, non-military leave;

D.     Require Defendant to provide pay to eligible employees when they take short-term military leave on the same basis as other eligible employees who take leave for vacation, sick leave, personal holidays, or any other comparable forms of short-term, non-military leave.

12

E.    Require Defendant to recalculate and pay the paid leave that Plaintiff and the Class are entitled to receive in accordance with the Court's declaration;

F.    Order Defendant to pay all members of the Class liquidated damages in an amount to be determined at trial pursuant to 38 U.S.C. § 4323(d)(1)(C);

G.    Award pre-judgment and post-judgment interest on any monetary relief awarded or required by order of this Court;

H.    Require Defendant to pay attorneys' fees, expert witness fees, litigation expenses and costs pursuant to 38 U.S.C. § 4323(h) and/or order the payment of reasonable fees and expenses in this action to Plaintiff's Counsel on the basis of the common benefit and/or common fund doctrine out of any money or benefit recovered for the Class in this Action; and

I.    Grant such other and further relief as the Court deems proper, just, and/or equitable.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38 or any similar rule or law, Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

Dated: November 26, 2024         Respectfully submitted,


/s/Seth McCormick
Bryan Paul Thompson (ARDC #6310322)
Robert W. Harrer (ARDC #6315410)
Seth McCormick (ARDC # 6309643)
CHICAGO CONSUMER LAW CENTER, P.C.
650 Warrenville Road, Suite 100
Lisle, IL 60532
Tel. 312-858-3239
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com
seth@cclc-law.com

*Local Counsel for Plaintiff and the putative class*

13

Glenn A. Danas (to be admitted *pro hac vice*)
Christina M. Le (to be admitted *pro hac vice*)

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, California 90265
Tel.: (213) 788-4050
gdanas@clarksonlawfirm.com
cle@clarksonlawfirm.com

Jamie K. Serb (to be admitted *pro hac vice*)
Zachary M. Crosner (to be admitted *pro hac vice*)
CROSNER LEGAL, PC
9440 Santa Monica Blvd. Suite 301
Beverly Hills, Ca 90210
Tel: (866) 276-7637
jamie@crosnerlegal.com
zach@crosnerlegal.com